UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAMJEET SINGH,<br><br>                              Petitioner,<br><br>v.<br><br>DANIEL A. BRIGHTMAN, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-0581-CAB-AHG<br><br>**ORDER:**<br><br>**(1) PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2]** |

Petitioner Vikramjeet Singh ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for temporary restraining order, [Doc. No. 2 ("TRO")].  For the reasons discussed below, the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention.

Petitioner claims that Immigration and Customs Enforcement ("ICE") improperly re-detained him on July 22, 2025 without notice, during an ICE check-in.  [Petition at 6.] He was previously detained on or around September 14, 2024, when he entered the United States and was subsequently released.  [*Id.* at 5–6.]  He claims that he is being unlawfully

detained in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, the Fifth Amendment, and the Suspension Clause. [*Id.* at 12–22.] He seeks immediate release from custody, or at minimum, a bond hearing. [*Id.* at 22–23.]

## I. BACKGROUND

Petitioner is an Indian national who entered the United States on or about September 14, 2024, was apprehended and placed into removal proceedings, and then released. [*Id.* at 5.] On July 22, 2025, Respondents re-detained Petitioner at his regular ICE check-in without providing "any written notice explaining the basis for the revocation of his earlier release." [*Id.* at 6.] On December 3, 2025, an Immigration Judge ordered Petitioner removed and denied his application for asylum and withholding of removal. [*Id.*] Petitioner's appeal of the IJ's decision is currently pending. [*Id.*]

Respondents do not contest any of Petitioner's asserted facts. [*See generally* Doc. No. 5.] Instead, Respondents assert that Petitioner is "entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [*Id.* at 2.]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Petitioner argues that he has a protected liberty interest in his prior release, which Respondents violated when they re-detained him on July 22, 2025. [Doc. No. 2-1 at 17; Petition at 6.] Respondents do not address this argument at all.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of

1  physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*,
2  533 U.S. 678, 690 (2001).  This protection applies to noncitizens as it does to U.S. citizens.
3  *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be
4  deprived of life, liberty, or property without due process of law.").  Moreover, noncitizens
5  seeking asylum are guaranteed due process under the Fifth Amendment throughout the
6  asylum process.  *Reno v. Flores*, 507 U.S. 292, 306 (1993).

7       "Courts have previously found that individuals released from immigration custody
8  on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata*
9  *v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025)
10 (listing cases).  Indeed, "the government's decision to release an individual from custody
11 creates an implicit promise, upon which that individual may rely, that their liberty will be
12 revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F.
13 Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks
14 omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

15      In *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149 (S.D. Cal. Oct.
16 1, 2025), the government violated a noncitizen parolee's Fifth Amendment due process
17 rights when the government revoked his parole by sending a mass electronic notification
18 one morning and arresting him later that day at his immigration hearing. *Id.* at *2, 11.  The
19 *Noori* court thus held that he had a "protectable expectation of his due process rights in his
20 removal proceedings . . . and was entitled to both notification of revocation and the
21 reasoning for revocation, if not also an opportunity to be heard and contest the
22 determination." *Id.* at *11.

23      Here, Petitioner received even less due process than the *Noori* petitioner.  Petitioner
24 received no notification or individualized reason as to why his release was being revoked
25 before he was summarily detained on July 22, 2025.  Nor have Respondents explained,
26 even after the fact, what circumstances have changed to warrant Petitioner's re-detention.
27 And though Respondents now claim he is entitled to a bond hearing under 8 U.S.C.
28 § 1226(a), they do not explain how Petitioner was lawfully detained in the first place.

Giving Petitioner a bond hearing now would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's re-detention on July 22, 2025. The motion for temporary restraining order is **DENIED** as moot.

<u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: February 18, 2026

Hon. Cathy Ann Bencivengo
United States District Judge